16 F.3d 420
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Donald E. SPENCER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3417.
 United States Court of Appeals, Federal Circuit.
 Dec. 10, 1993.
 
 Before RICH, NEWMAN, and PLAGER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Donald E. Spencer appeals the decision of the Merit Systems Protection Board (MSPB)[1] dismissing his appeal for lack of jurisdiction. We affirm.
 
 BACKGROUND
 
 2
 Petitioner was hired by the United States Postal Service (agency) as a Transitional Employee on October 31, 1992. On February 22, 1993, however, petitioner was removed from his position for falsifying information on his employment application.[2]
 
 
 3
 On March 11, 1993 petitioner appealed his removal to the MSPB. In response, the Administrative Judge (AJ) issued an Acknowledgement Order, dated March 12, 1993, stating that the MSPB may lack jurisdiction over the appeal and ordering petitioner to offer evidence which would establish MSPB jurisdiction in this case. When petitioner failed to respond the agency filed a motion to dismiss for lack of jurisdiction because petitioner had not been employed in the same or similar position within the agency for one continuous year. See 5 U.S.C. Sec. 7511(a)(1)(B) (1988).
 
 
 4
 The AJ, in a decision dated April 8, 1993, found that the action was not appealable to the MSPB because the petitioner did not meet the statutory length-of-service requirement.
 
 DISCUSSION
 
 5
 The MSPB only has appellate jurisdiction over those actions by an employee, or an applicant for employment, which are specifically granted under a law, rule, or regulation. See 5 U.S.C. Sec. 7701(a) (1988). The burden rests on the petitioner to show, by a preponderance of the evidence, that an appeal comes within the MSPB's appellate jurisdiction. See 5 C.F.R. Sec. 1201.56(a)(2).
 
 
 6
 Petitioner has not met that burden in this case because he has failed to prove that he is an "employee" as defined in 5 U.S.C. Sec. 7511(a). As a preference eligible worker with the United States Postal Service, petitioner is not considered an "employee" within the meaning of 5 U.S.C. Sec. 7701(a) unless he "has completed 1 year of current continuous service in the same or similar positions." 5 U.S.C. Sec. 7511(a)(1)(B) (1988). The record indicates that petitioner had worked for the Postal Service less than 4 months at the time he was removed. Petitioner neither disputed this fact nor offered any evidence to show that he was an "employee" and thus entitled to MSPB appellate review of his removal.
 
 
 
 [1]
 The Administrative Judge's decision dated April 8, 1993, Docket Number DE0752930252I1, became the final decision of the MSPB on May 13, 1993 when petitioner failed to file a petition for review with the full Board as of that date
 
 
 [2]
 In response to a question on his application asking if he had ever been convicted of a crime or if he is currently under charges for any offense against the law, petitioner answered "no". A subsequent Federal Bureau of Investigation report, however, revealed that petitioner had previously been convicted of burglary, felony-theft, and battery-felony. In addition, the report disclosed that petitioner had a charge of grand larceny currently pending